FILED

APR 26 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. |
| | ) | |
| | ) | **INFORMATION** |
| Plaintiff, | ) | |
| | ) | [Vio: 18 U.S.C. § 1546(a)-Visa Fraud] |
| V. | ) | |
| | ) | |
| FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA, | ) | MO10CR0105 |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES ATTORNEY CHARGES:

THE H-2B VISA PROGRAM

1. At material times to this Information, the H-2B visa program, administered by the United States Citizenship & Immigration Services ("USCIS") agency within the Department of Homeland Security, permitted non-immigrant workers to come to the United States legally to work for employers on a temporary seasonal basis, provided United States workers were demonstrably in short supply. The program is utilized by employers in nonagricultural fields, including the "green industry" (landscape, lawn maintenance, golf courses, and the like), the construction industry, and the hospitality industry (hotels, resorts, amusement parks and the like), to obtain needed employees.

2. Certain qualifying criteria must be met to obtain workers under the H-2B program. In general terms, a prospective employer must first demonstrate to the satisfaction of the Department of Labor that its need for workers cannot be met from its current labor pool, and

that its need is a one-time occurrence, a seasonal need, a peak load need, or an intermittent need. Upon certification by the Department of Labor in this regard, a prospective employer must submit a petition to USCIS requesting U.S. admission for the foreign workers it has recruited under the program. In this petition, the prospective employer warrants its need for non-immigrant employees, specifies the number of employees needed, and promises to abide by the rules of the H-2B program. If and when USCIS approves the employer's petition, the employer may hire up to the approved number of foreign workers outside the United States. The employer then provides the Department of State with the names of the prospective employees it has recruited, and these prospective employees must present themselves at a United States consulate abroad for an admission interview. Once the foreign workers demonstrate they have jobs with a USCIS-approved employer, they are issued H-2B visas upon approval of the Department of State and the payment of a small fee for processing the visa. The hired foreign workers can thereafter present their H-2B visas at a United States Port of Entry, enter the United States legally, and earn wages legally solely from the USCIS-approved employers who petitioned for and hired them.

3. The H-2B visa program has important limitations. First, the visas are good for only a specified period of time (typically ten months or less). Second, H-2B workers can be employed only by the employer who was approved by USCIS. When the visa expires or the employer's temporary or seasonal need for foreign workers has ended, the workers must return to their home countries. Visa extensions and transfers between employers are possible under the H-2B program, but these must be authorized by USCIS after timely submission of proper petitions by employers who have current Department of Labor H-2B certifications.

## THE DEFENDANT'S ACTIONS

4. At material times to this Information, Defendant FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA, hereinafter "FEWA," was a non-profit corporation based in Bay City, Texas. FEWA provided information and educational programs for both its worker and employer members. FEWA's various programs assisted its employer members in navigating the H-2B visa process and assisted its worker members with issues surrounding working and living in the United States. FEWA also advocated for the H-2B industry before Congress and federal agencies. As part of its mission, Defendant FEWA assisted its employer members as an "H-2B agent" in submitting paperwork to the various federal agencies involved in the H2-B process, including USCIS and the Department of State, so that the members could acquire needed seasonal and/or intermittent labor.

5. In the Spring of 2004, for the first time in the history of the program, the annual quota of H-2B visas was reached and Congress did not extend the quota. Consequently, a significant number of FEWA employer members who had already received their Department of Labor H-2B certifications found themselves unable to obtain workers under the program because the nationwide cap had been met. On the other hand, during this same period, some FEWA members had applied, and been approved for, more H-2B visa workers than they ended up requiring as their seasonal needs developed.

6. FEWA endeavored to help its members who had been shut out of the H-2B visa program because of the cap, but did so in a fashion that resulted in the issuance of numerous H-2B visas under false pretenses. Specifically, FEWA requested its employer members who had a certain number of approved H-2B visa slots they did not intend to use to add the names

of workers to their submissions to the Department of State for the benefit of employer members who did not make the cap. In order to comply with federal regulations, these workers would have been required to work for the original sponsoring employer member until a transfer petition filed by the subsequent employer was approved by USCIS. In reality, FEWA failed to advise sponsoring employers and workers of this requirement. This resulted in workers reporting to their ultimate employer before the transfer paperwork was approved, a circumstance about which FEWA knew or chose to remain intentionally ignorant. As such, dozens of requests for visas submitted to the Department of State contained materially false information about the true identity of the employer of the proposed foreign worker, and the Department of State relied upon the accuracy of these submissions in issuing the final H-2B visas.

7. In 2004, approximately 900 workers then presented themselves at United States Ports of Entry holding visas that had been issued under false pretenses.

## COUNT ONE
## [18 U.S.C. § 1546(a)]

1. Introductory paragraphs 1 through 7 of this Information are re-alleged as if set forth in full herein.

2. In the Spring and Summer of 2004, in the Western District of Texas and elsewhere, the Defendant,

**FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA,**

caused approximately 900 Mexican workers to obtain and use H-2B visas that had been procured by fraudulent submissions to the Department of State about the identity of the

employers of these workers.

All in violation of Title 18, United States Code, Section 1546(a), and Title 18, United States Code, Section 2.

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
**[Title 18 U.S.C. § 1546(a) and subject to forfeiture pursuant to**
**Title 18 U.S.C. § 982(a)(6)(A)(ii)(I)]**

I.

**Money Judgment**

As a result of the foregoing criminal violations as set forth in Count One (1) of the Criminal Information which is punishable by imprisonment for more than one year, **DEFENDANT FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA** shall forfeit to the United States pursuant to Rule 32.2 of the Federal Rules for Criminal Procedure, Title 18 U.S.C. § 982(a)(6)(A)(ii)(I), any property, real or personal, constituting or derived from or traceable to the proceeds obtained directly or indirectly from the commission of the offense, including but not limited to the following described Money Judgment of Forfeiture:

> A sum of money equal to One Hundred Seventy-Five Thousand Dollars and No Cents ($175,000) representing the amount of gross proceeds obtained as a result of the violations set out in the above-described Counts and for which **DEFENDANT FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA** is liable.

II.
**Substitute Assets**
**[Title 18 U.S.C. § 982(a)(6)(A)(ii)(I), Refer to: Title 21 U.S.C. § 853(p) and**
**Rule 32.2 of the Federal Rules of Criminal Procedure]**

If any of the money judgment described above, as being subject to forfeiture for violations of Title 18 U.S.C. § 1546(a) and subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6)(A)(ii)(I) (*See* Title 21 U.S.C. § 853), as a result of any act or omission of **DEFENDANT FEDERATION OF EMPLOYERS AMD WORKERS OF AMERICA:**

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America, pursuant to Title 21 U.S.C. § 853(p) to seek forfeiture of any other property of said **DEFENDANT FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA,** up to the value of said sum listed above.

Respectfully Submitted,

JOHN E. MURPHY
UNITED STATES ATTORNEY

By: _____
JOHN S. KLASSEN
Assistant United States Attorney
State Bar No. 11553500
400 West Illinois, Suite 1200
Midland, Texas 79701
(432) 686-4110
(432) 686-4131 (FAX)

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MO10CR0105

| | | |
|---|---|---|
| SEALED: | | UNSEALED: XX |
| COUNTY: Midland | DIVISION: MIDLAND/ODESSA | JUDGE: JUNELL |
| DATE: April 26, 2010 | MAG CT #: N/A | FBI #: |
| CASE NO: MO-10-CR- | ASSISTANT U.S. ATTORNEY: JOHN S. KLASSEN | |
| DEFENDANT: FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA | | DOB: XXXXXXXXX |
| ADDRESS: XXXXXXXXXXXXXXXXXX | | |
| CITIZENSHIP: USC | INTERPRETER NEEDED No LANGUAGE: | |
| DEFENSE ATTORNEY:<br>William H. Devaney<br>1270 Avenue of Americas<br>New York, NY 10020 | | EMPLOYED XX |
| DEFENDANT IS: No bond set - Not arrested | | |
| DATE OF ARREST: Not arrested | | BENCH WARRANT: XXX |
| PROBATION OFFICER: | | |
| NAME AND ADDRESS OF SURETY: | | |
| YOUTH CORRECTIONS ACT APPLICABLE: No | | |
| PROSECUTION BY: Information | | |
| OFFENSE (Code and Description): Ct. 1 - 18 USC § 1546 - Visa Fraud | | |
| OFFENSE IS: FELONY | | |
| MAXIMUM SENTENCE: A term of probation not to exceed 5 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. | | |
| PENALTY IS MANDATORY: As stated above. | | |
| REMARKS: AGENT:<br>Alex Rodriguez, S/A<br>Immigration & Customs Enforcement<br>1515 Idlewilde Drive<br>Midland, Texas 79703<br>432-689-7900 ofc | | |

WDT-Cr-3